THE PEOPLE *against* LEWIS.

THE PEOPLE
v.
LEWIS.

'THIS was an action of *assumpsit*, brought against the defendant, as late governor of the state of *New-York*. The declaration contained a count for money had and received, &c. and the usual money counts. Plea, *non assumpsit.*

The defendant, being governor of the state from *July*, 1804, to *July*, 1807, was authorized by an act of 1804, and by an act of each subsequent year, to draw from the treasury, a sum not exceeding 750 dollars, in each year, to defray the *incidental expenses* which might arise in and about administering the government of the state.

By virtue of those laws, the comptroller, on the order of the defendant, drew warrants on the treasurer, which were paid, to the amount of 2,272 dollars, of which sum 41 dollars and 11 cents was charged to the fund for defraying expenses of the *Indians* visiting the seat of government.

After the defendant ceased to be governor, he was called on by the comptroller, to account for the 2,272 dollars; and he exhibited an account of *items* of expenditure, including the 41 dollars and 11 cents, amounting to that sum. The comptroller refused to allow several *items* of the account, amounting to 1,246 dollars and 39 cents, and to recover which the present suit was brought. The *items* consisted chiefly of expenses of reviewing the militia of the state, blank commissions, travelling expenses on public business, &c.

A case, containing the above facts, was submitted to the court, without argument; and it was agreed, that if the court should be of opinion that the plaintiffs were entitled to recover, a judgment should be entered for such sum as the court should direct.

By several acts of the legislature, from 1804 to 1807, the governor of the state was authorized to draw from the treasury a sum not exceeding 750 dollars, in each year, to defray the *incidental expenses*, in administering the government of the state; and the governor having received the sums there appropriated, exhibited his account of his expenditures, equal to the amount received; it was held, that the propriety of the *items* charged for these *incidental expenses*, was not a subject of judicial cognisance; but was necessarily left to the discretion of the executive, under the control of the legislature; and that the governor was not liable to an action, at the suit of the people, to recover back any part of the money so received and expended, on the ground of its having been improperly expended.

NEW-YORK,
Nov. 1810.

THE PEOPLE
v.
LEWIS.

*Per Curiam.* The moneys for which the defendant was called upon to account, were received by him under several acts of the legislature, appropriating certain sums to defray the incidental charges arising in and about administering the government of the state. The defendant having been called upon by the comptroller to account for the expenditure of the money, he complied with the request; but some of the *items* in the account, being, in the opinion of the comptroller, not allowable, the present suit was instituted; and we are called upon, in the first place, to decide whether it can be sustained. We are satisfied, that upon the facts stated in the case, it cannot. The specific objects for which the moneys put into the defendant's hands were to be applied, are not designated. What are to be deemed incidental charges, arising in and about administering the government, are nowhere in our laws defined. The appropriation of the money must, therefore, necessarily be left to the discretion of the executive, under the control only of the legislature. There is no rule of law, by which the comptroller could, or by which this court can, test the correctness of the application of the money. The defendant accounts for the money, as having been expended in and about administering the government. And the propriety of the charges, we think, is not a subject of judicial cognisance. It was an appropriation, resting entirely in legislative discretion.

Judgment for the defendant.